## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD ALAN BROWN, | No. 4:22-CV-01155 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SUPERINTENDENT RIVELLO, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### AUGUST 23, 2022

Plaintiff Todd Alan Brown is currently being held in pretrial detention in the State Correctional Institution, Huntingdon (SCI Huntingdon), in Huntingdon, Pennsylvania. He filed the instant *pro se* Section 1983[1] action, asserting constitutional violations against various prison officials and medical staff. Because Brown fails to state a claim for relief against any Defendant, the Court will dismiss the complaint under 28 U.S.C. § 1915A(b)(1) but grant leave to amend.

## I.     STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One

---

[1]   42 U.S.C. § 1983.   Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.   The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.   *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   *See* 28 U.S.C. § 1915A(a).

basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

---

[3]  *Id.* § 1915A(b)(1).

[4]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[5]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[6]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[7]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Brown proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Brown, is incarcerated.[14]

## II.    DISCUSSION

Brown asserts that he has a "life long history of mental health problems" as well as "past suicide attempts" that are noted in his records.[15]  In late April 2022,

---

[8]    *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[9]    *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[10]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[11]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[12]   *Iqbal*, 556 U.S. at 681.

[13]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

[14]   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

[15]   Doc. 1 at 4.

he attempted suicide at SCI Huntingdon.[16]  He alleges that on April 28, an

unspecified "officer" saw him tying a bedsheet to make a noose to hang himself

and the officer never reported it.[17]  The next day, following "a bad phone call,"

Brown avers that the unit manager came to his cell, saw him crying, and "let [him]

have it."[18]  Brown then wrote a suicide note and told an inmate in a neighboring

cell to "call staff" because he was going to hang himself.[19]  He claims that he then

attempted to hang himself in his cell.[20]  According to Brown, he had to be life

flighted to a hospital, was in a coma for 24 hours, and lost feeling in his left ear for

a month, among other injuries.[21]

Brown appears to be raising a claim under the Fourteenth Amendment,[22]

although it is unclear exactly what type of constitutional claim he is asserting.  As

best the Court can ascertain, Brown is asserting a claim of deliberate indifference

to serious medical needs.[23]  Brown names the following defendants in his lawsuit:

---

[16]  *Id.*

[17]  *Id.*

[18]  *Id.*  Brown does not explain what the phrase "let [him] have it" means, but the Court presumes that Brown is alleging that the unit manager spoke harshly to him.

[19]  *Id.*

[20]  *Id.*

[21]  Doc. 1 at 5.

[22]  Because Brown is a pretrial detainee, his claims implicate the Fourteenth Amendment, not the Eighth.  *See Jacobs v. Cumberland County*, 8 F.4th 187, 193-94 (3d Cir. 2021); *Thomas v. Cumberland County*, 749 F.3d 217, 223 n.4 (3d Cir. 2014).

[23]  *See, e.g.*, Doc. 1 at 5 (alleging that prisons "are required to provide professional help at all times" to people with disabilities, and that "failure to follow up on prisoners with known or suspected mental health disorders . . . may be a serious medical need" and failing to treat that need "is cruel and unusual punishment").

Superintendent Rivello, Deputy Superintendent Spyker,[24] psychologist Jessica Cousins, psychology counselor Conway, and CHCA Sean McCorkle.[25]    Brown, however, fails to plausibly allege personal involvement for most of these Defendants.    As to the single Defendant for which Brown does allege personal involvement, he fails to plausibly state a medical deliberate indifference claim.

## A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[26]    Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[27]    Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[28]

Brown does not include any allegations that would establish personal involvement in the alleged constitutional violation by Rivello, Spyker, Conway, or McCorkle.    These Defendants' names, in fact, appear only in the caption and the

---

[24]    Brown spells this Defendant's last name "Spker," but the correct spelling is "Spyker."  *See* https://www.cor.pa.gov/Facilities/StatePrisons/Pages/Huntingdon.aspx (last visited Aug. 17, 2022) (identifying the Deputy Superintendent for Centralized Services at SCI Huntingdon as "Jill Spyker").

[25]    *Id.* at 1-3.

[26]    *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

[27]    *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).

[28]    *Id.* (quoting *Rode*, 845 F.2d at 1207).

defendant-identification section.[29]  Accordingly, the Court must dismiss the claims

against them for lack of personal involvement.

### B.    Alleged Constitutional Violation

The only person Defendant Brown identifies by name in the factual

allegations is Cousins.  According to Brown, "Cousins and staff didn't perform

the[ir] duties," did not "follow up" on him, and did not "investigate [his] life[-]long

history of mental health" issues.[30]  Brown also broadly alleges that "if Jessica

Cousins did her job and looked into [his] file or records," he would have received

medical help or treatment.[31]  If Brown is attempting to assert a medical

indifference claim against Cousins, his allegations do not plausibly state a claim

for relief.

As previously noted, Brown is a pretrial detainee, so his claims implicate the

Due Process Clause of the Fourteenth Amendment rather than the Eighth

Amendment's cruel-and-unusual-punishment provision.  However, it does not

appear that the United States Court of Appeals for the Third Circuit has established

or adhered to a different standard with respect to Fourteenth Amendment pretrial

detainee medical indifference claims versus those raised by incarcerated

individuals under the Eighth Amendment.[32]  Accordingly, the Court will apply

---

[29]  *See* Doc. 1 at 1-3.
[30]  *Id.* at 4.
[31]  *Id.* at 5.
[32]  This remains so even following the Supreme Court of the United States' decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), which established a different standard for pretrial

existing Eighth Amendment jurisprudence to Brown's Fourteenth Amendment medical indifference claims.

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[33]  To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[34]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[35]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of

---

detainee excessive force claims.  *See Moore v. Luffey*, 757 F. App'x 335, 340 & n.2 (3d Cir. 2019) (nonprecedential) (rejecting plaintiff's argument to apply *Kingsley*'s holding to Fourteenth Amendment medical care claim and instead analyzing under Eighth Amendment jurisprudence); *see also Parker v. Butler County*, 832 F. App'x 777, 780 & n.1 (3d Cir. 2020) (nonprecedential) (applying Eighth Amendment standard to pretrial detainee medical care claim while acknowledging Fourteenth Amendment is source of right); *Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1, 78 (3d Cir. 2017) (nonprecedential) (same); *Goode v. Giorla*, 643 F. App'x 127, 129 & n.3 (3d Cir. 2016) (nonprecedential) (same); *Edwards v. Northampton County*, 663 F. App'x 132, 136-37 (3d Cir. 2016) (nonprecedential) (citing *Natale v. Camden Cnty Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)).

[33]  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

[34]  *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

[35]  *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

injury.[36]  Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[37]  Claims sounding in mere medical negligence will not suffice.[38]

Brown's allegations against Cousins do not rise to the level of stating "unnecessary and wanton infliction of pain."  Although Brown alleges that Cousins should have been more familiar with his medical history and should have investigated his mental health background and provided psychological treatment, such claims—at most—implicate medical negligence, not deliberate indifference. Brown himself asserts that Cousins exhibited "negligence or neglect" caused by "poor judgment."[39]  Brown has not alleged any type of intentional refusal to provide care, denial of prescribed treatment, or denial of requests for treatment. He simply contends that Cousins failed to investigate his background and then failed to proactively provide mental health treatment.  Simply put, these allegations are not enough to allege deliberate indifference to serious medical needs.

### C.    Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless

---

[36]  *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[37]  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[38]  *Rouse*, 182 F.3d at 197.
[39]  Doc. 1 at 5.

amendment would be inequitable or futile."[40]  Because it is not certain that

amendment would be futile, the Court will permit Brown to file an amended

complaint—in accordance with this Memorandum—in the event that he can aver

facts that would plausibly state personal involvement and a constitutional violation.

## III.    CONCLUSION

Based on the foregoing, the Court will dismiss without prejudice Brown's

complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim

upon which relief may be granted.  Brown, if he is able, may file an amended

complaint in accordance with this Memorandum.  An appropriate Order follows.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[40]    *Grayson*, 293 F.3d at 114.