IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD ALAN BROWN, | No. 4:22-CV-01155 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| SUPERINTENDENT RIVELLO, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

DECEMBER 28, 2022

Plaintiff Todd Alan Brown is currently being held in pretrial detention in the State Correctional Institution, Huntingdon (SCI Huntingdon), in Huntingdon, Pennsylvania. He filed the instant *pro se* Section 1983[1] action, alleging constitutional violations by various prison officials and medical staff. The Court performed mandatory screening under 28 U.S.C. § 1915A(a) and dismissed Brown's complaint pursuant to Section 1915A(b)(1) for failure to state a claim upon which relief may be granted. Brown has filed an amended complaint, which is presently before the Court for screening under Section 1915A(a).

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I.    **STANDARDS OF REVIEW**

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to

---

[2]  *See* 28 U.S.C. § 1915A(a).  Section 1915A screening of amended complaints is likewise required. *See Fields v. Venable*, 674 F. App'x 225, 228 (3d Cir. 2016) (nonprecedential) (noting that district court "fulfill[ed] its duty to screen" *pro se* prisoner's amended complaint).

[3]  *Id.* § 1915A(b)(1).

[4]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); cf. *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[5]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[6]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Brown proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Brown, is incarcerated.[14]

---

[7]  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[8]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[9]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12]  *Iqbal*, 556 U.S. at 681.
[13]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[14]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## II.   DISCUSSION

Brown's original complaint was dismissed on August 23, 2022, but leave to amend was granted.[15]  Brown then moved for an extension of time to file an amended complaint, which request the Court granted, pushing the filing deadline to October 20, 2022.[16]  That date came and went without Brown filing an amended complaint or a motion for enlargement of time.  Thus, on October 31, 2022, the Court closed the instant case as it had previously warned Brown it would do if no amended complaint was timely filed.[17]

On November 6, 2022, Brown moved to alter or amend judgment and for leave to amend, asking the Court to reopen his case and permit him to file an amended complaint.[18]  He also included a proposed amended complaint with his motions.[19]  The Court will grant Brown's motion to reopen, docket his proposed amended complaint, and screen that amended complaint as required by 28 U.S.C. § 1915A(a).

### A.   Background

In Brown's amended complaint, he once again appears to be asserting Section 1983 claims under the Fourteenth Amendment for deliberate indifference

---

[15]   *See generally* Docs. 7, 8.
[16]   *See* Doc. 12.
[17]   *See* Doc. 14.
[18]   *See* Docs. 15, 16.
[19]   Doc. 16-1.

4

to serious medical needs.[20]  This time, Brown names as defendants psychologist Jessica Cousins, corrections officer Greg Hicks, unit manager B. Hollibaugh, and "CB officers 2 to 10 shift regulars Sheeley, Stevens, [and] Singer."[21]

The gravamen of Brown's claim is that he allegedly was provided constitutionally deficient mental health care at SCI Huntingdon.  Brown avers that he suffers from a mood disorder, depression, anxiety, restlessness, hyperactivity, impulsivity, and poor reasoning,[22] and tried to take his own life on April 29, 2022.[23]  According to Brown, he had to be life-flighted to a hospital, was on life support for 24 hours, and lost feeling on the left side of his face for a month, among other injuries.[24]  He seeks compensatory and punitive damages.[25]  The Court will review Brown's amended complaint to determine whether he states a claim for relief as to the named Defendants.

### B. Fourteenth Amendment Medical Indifference Claims

Brown is a pretrial detainee, so his claims implicate the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's cruel-and-unusual-punishment provision.  However, it does not appear that the United States

---

[20]  Because Brown is a pretrial detainee, his claims implicate the Fourteenth Amendment, not the Eighth.  *See Jacobs v. Cumberland County*, 8 F.4th 187, 193-94 (3d Cir. 2021); *Thomas v. Cumberland County*, 749 F.3d 217, 223 n.4 (3d Cir. 2014).
[21]  Doc. 16-1 at 1, 15.
[22]  *Id.* at 5, 12.
[23]  *Id.* at 2, 8.
[24]  *See id.* at 2, 4; Doc. 1 at 5.
[25]  Doc. 16-1 at 14.

Court of Appeals for the Third Circuit has established or adhered to a different standard with respect to Fourteenth Amendment pretrial detainee medical indifference claims versus those raised by incarcerated individuals under the Eighth Amendment.[26] Accordingly, the Court will apply existing Eighth Amendment jurisprudence to Brown's Fourteenth Amendment medical indifference claims.

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[27] To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[28] A serious medical need is "one that has been

---

[26] This remains so even following the Supreme Court of the United States' decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), which established a different standard for pretrial detainee excessive force claims. *See Moore v. Luffey*, 757 F. App'x 335, 340 & n.2 (3d Cir. 2019) (nonprecedential) (rejecting plaintiff's argument to apply *Kingsley*'s holding to Fourteenth Amendment medical care claim and instead analyzing under Eighth Amendment jurisprudence); *see also Parker v. Butler County*, 832 F. App'x 777, 780 & n.1 (3d Cir. 2020) (nonprecedential) (applying Eighth Amendment standard to pretrial detainee medical care claim while acknowledging Fourteenth Amendment is source of right); *Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1, 78 (3d Cir. 2017) (nonprecedential) (same); *Goode v. Giorla*, 643 F. App'x 127, 129 & n.3 (3d Cir. 2016) (nonprecedential) (same); *Edwards v. Northampton County*, 663 F. App'x 132, 136-37 (3d Cir. 2016) (nonprecedential) (citing *Natale v. Camden Cnty Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)).

[27] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

[28] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[29]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[30] Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[31] Claims sounding in mere medical negligence will not suffice.[32]

### 1.     Psychologist Jessica Cousins

The Court begins with defendant Cousins. Brown alleges that Cousins exhibited "poor judgment" and refused his request for prescription medication to treat his mental health problems, saying that she felt that he did not "need medication at this time."[33] He also claims that Cousins failed to properly perform a health screening and background check when Brown came to SCI Huntingdon, thereby remaining ignorant of Brown's "long history" of mental health issues.[34] Brown contends that, if Cousins had reviewed his medical history, she would have

---

[29] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).
[30] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[31] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[32] *Rouse*, 182 F.3d at 197.
[33] Doc. 16-1 at 3, 12.
[34] *Id.* at 2.

been aware of his mental health problems and could have prevented his suicide attempt.[35]

These allegations are very similar to those leveled against Cousins in Brown's original complaint. In its August 23, 2022 Memorandum, the Court explained that "such claims—at most—implicate medical negligence, not deliberate indifference."[36]

That conclusion applies equally to Brown's amended pleadings. His allegations against Cousins do not evince deliberate indifference to Brown's mental health needs. Brown does not claim, for example, that Cousins refused to treat him or delayed treatment for nonmedical reasons, or that Cousins knew about his mental health problems and failed to treat him. Brown disagrees with Cousins' assessment that he did not need prescription medication, but a mere disagreement as to the course of medical treatment does not implicate deliberate indifference.[37] As to Brown's assertion that Cousins failed to properly review his medical history when he was transferred to SCI Huntingdon, such a claim, at most, sounds in medical negligence and thus cannot establish a *constitutional* violation.[38]

---

[35] *Id.* at 2, 5.
[36] Doc. 7 at 8.
[37] See *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (quoting *Lanzaro*, 834 F.2d at 346). Brown notes that he was prescribed mental health medication during his hospitalization following his suicide attempt, (*see* Doc. 16-1 at 4), but does not claim that he had a preexisting prescription that was ignored or refused by Cousins.
[38] *See Rouse*, 182 F.3d at 197; Doc. 7 at 8.

Brown is clearly aggrieved by the medical care provided by Cousins at SCI Huntingdon. But his allegations against her simply do not rise to the level of a Fourteenth Amendment infringement. Consequently, Brown's Section 1983 claim against Cousins must be dismissed. Dismissal will be with prejudice because Brown has repeatedly failed to state a claim against her.[39] Lastly, to the extent that Brown is attempting to assert a state-law claim of intentional infliction of emotional distress (IIED) against Cousins,[40] the conduct alleged by Brown does not come close to meeting the exacting requirements for stating such a claim under Pennsylvania law.[41]

## 2. Unit Manager B. Hollibaugh

Brown alleges that Hollibaugh is the unit manager and oversees "CB block," which is a "residential treatment unit/mental health unit."[42] He claims that, on April 29, 2022, prior to his suicide attempt that day, he had received a "bad phone

---

[39] *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (explaining that, where an inmate-plaintiff "has already had two chances to tell his story . . . giving him further leave to amend would be futile").

[40] *See* Doc. 16-1 at 3-4.

[41] The Pennsylvania Supreme Court has not yet explicitly recognized the tort of intentional infliction of emotional distress. *See Taylor v. Albert Einstein Med. Ctr.*, 754 A.2d 650, 652 (Pa. 2000). The Third Circuit has predicted that the state's high court will ultimately adopt the Restatement (Second) of Torts' formulation. *Williams v. Guzzardi*, 875 F.2d 46, 50-51 (3d Cir. 1989); *see also Mills v. City of Harrisburg*, 589 F. Supp. 2d 544, 558 n.13 (M.D. Pa. 2008) (citing *Taylor*, 754 A.2d at 652). A claim of IIED is reserved for only the "most egregious conduct." *Hoy v. Angelone*, 720 A.2d 745, 754 (Pa. 1998). It requires conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Id.* (quoting *Buczek v. First Nat'l Bank of Mifflintown*, 531 A.2d 1122, 1125 (Pa. Super. Ct. 1987)).

[42] Doc. 16-1 at 8.

call" and was crying in his cell.[43]  He recounts that Hollibaugh approached his cell and "spoke harsh[ly]" to him and, after Brown related to her that he was "struggling" and "having a hard time with court and with family issues and [his] mental health," Hollibaugh responded that prison staff "can only do so much" because Brown was an "unclassified county inmate" who was "on a plan of action from higher up."[44]  Brown further avers that, when he told Hollibaugh that staff members were harassing him and making fun of him, she assured him that she would speak with them.[45]  Apparently, Hollibaugh did in fact speak with the staff, because Brown alleges that those same staff members began calling him a "snitch" for "telling on them."[46]

    These allegations do not evince deliberate indifference to serious medical needs.  While Hollibaugh's verbal response to Brown's comments about his prison difficulties could be considered insensitive or callous, it does not establish that Hollibaugh was deliberately indifferent to Brown's mental health needs.  Her actions, moreover, indicate just the opposite.  When Brown complained to her about mistreatment by prison staff that was contributing to his mental health woes, it appears that Hollibaugh took affirmative action to correct that behavior.

---

[43]   *Id.*
[44]   *Id.* at 8-9.
[45]   *Id.* at 9.
[46]   *Id.*

Accordingly, Brown fails to state a Fourteenth Amendment medical indifference claim against Hollibaugh.

### 3.  Correctional Officer Greg Hicks

Brown's claims against Hicks are different. He alleges that Hicks "grew up with" him and knows that he has mental health problems.[47] Brown avers that Hicks witnessed him tying a bedside noose in his cell and responded by telling Brown, "Take that down before you get in trouble."[48] Brown further claims that Hicks then stated that if the unit counselor or Hollibaugh "don't help you, wait till tomorrow to act a fool OK not on my shift."[49] Brown additionally alleges that Hicks failed to inform anyone at SCI Huntingdon that he had made a noose and was attempting to commit suicide.[50] These allegations, taken as true, implicate deliberate indifference by Hicks.

The remaining question regarding Brown's claim against Hicks is whether it sounds in medical indifference or whether it should be construed as a claim of deliberate indifference to a pretrial detainee's particular vulnerability to suicide.[51] Although it could be argued that the latter more accurately represents Brown's claim, the United States Court of Appeals for the Third Circuit has explicitly

---

[47] Doc. 16-1 at 6.
[48] *Id.* at 5-6.
[49] *Id.* at 6.
[50] *Id.* at 7-8.
[51] *See generally Woloszyn v. County of Lawrence*, 396 F.3d 314, 319-21 (3d Cir. 2005) (setting forth the contours of a claim for deliberate indifference to a particular vulnerability to suicide).

11

admonished that the plaintiff is the master of his complaint and can bring a more general medical indifference claim even when the ultimate result was a detainee suicide (or, as here, an attempted suicide).[52] Thus, the Court will construe Brown's claim against Hicks as a medical indifference claim, as there is no mention in his pleadings of a particular vulnerability to suicide or any other indication that Brown is asserting a different type of claim against Hicks.

### 4. CB Officers Sheeley, Stevens, and Singer

Brown's allegations against Sheeley, Stevens, and Singer are less detailed. A thorough review of the amended complaint reveals that Brown appears to be claiming that these Defendants (1) were harassing him and were disrespectful to him,[53] (2) were "making fun of him" and then called him a "snitch" after he reported their behavior to Hollibaugh,[54] (3) "harassed" him to the point of causing him to attempt suicide, and—most critically—(4) turned down Brown's "pleas for help" by responding that they "don't like [him]" and that he is "annoying" and "needy."[55]

While verbal harassment and name-calling does not implicate a constitutional violation,[56] Brown's claim that he reached out to these officers for

---

[52] *See Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017).
[53] Doc. 16-1 at 5.
[54] *Id.* at 9.
[55] *Id.* at 11.
[56] *See Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) (explaining that "verbal harassment does not give rise to a constitutional violation enforceable under § 1983"); *see also Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa. 1993) (collecting cases;

help and was ignored by them—*i.e.*, they took no action—plausibly states a claim for deliberate indifference to serious medical needs.  It is true that Brown's allegations leave much to be desired as far as specificity is concerned, but because he is an incarcerated *pro se* filer, his pleadings must be liberally construed.  Therefore, Brown's Fourteenth Amendment claims of deliberate indifference to serious medical needs can proceed against Sheeley, Stevens, and Singer.

## III.  CONCLUSION

Based on the foregoing, the Court will reopen this case and grant Brown's request to file his proposed amended complaint.  The Court will dismiss in part Brown's amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Brown's claims of Fourteenth Amendment medical deliberate indifference may proceed against defendants Hicks, Sheeley, Stevens, and Singer.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

*Manning v. Flock*, No. 1:11-CV-0293, 2012 WL 1078227, at *12 (M.D. Pa. Mar. 30, 2012) (collecting cases); *Graham v. Main*, Civil Action No. 10-5027(SRC), 2011 WL 2412998, at *24-25 (D.N.J. June 9, 2011) ("Allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner."); *Mohamed v. Aviles*, Civil No. 06-4794 (FSH), 2007 WL 923506, at *5 (D.N.J. Mar. 26, 2007) (collecting cases).

13