**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TODD ALAN BROWN, | : | **No. 4:22-CV-1155** |
| **Plaintiff** | : | |
| | : | **Chief Judge Brann** |
| **v.** | : | |
| | : | |
| CORRECTIONAL OFFICER GREG | : | **Electronically Filed Document** |
| HICKS, | : | *Complaint Filed 07/26/22* |
| | : | |
| **Defendants** | : | |

## DEFENDANT'S BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Defendant Hicks, through counsel, hereby files this Brief in Support of his Motion for Summary Judgment pursuant to Local Rule 7.5. There is no dispute of any material fact. Defendant is entitled to judgment as a matter of law on the solely remaining operative claim asserted against him because Plaintiff was under the care of medical and mental health professionals at all times and was actively receiving care and Defendant was not deliberately indifferent to Plaintiff's needs or safety.

## I.    STATEMENT OF FACTS & PROCEDURAL HISTORY

### PLAINTIFFF WAS CONSTANTLY UNDER THE CARE OF MEDICAL PROFESSIONALS AT SCI HUNTINGDON

Plaintiff was incarcerated at SCI Huntingdon on April 27, 2022, April 28, 2022, and April 29, 2022. (Defendant's Statement of Material Facts ("SOF") at ¶ 1.) During that time, Plaintiff was under the care of both medical staff and mental health staff. Plaintiff was seen by Registered Nurse Cynthia Kist on

April 27, 2022 at approximately 2:15 p.m. (*Id.* ¶ 2.) Plaintiff was seen by Physician Assistant Jacklyn Talasky on April 27, 2022, at approximately 3:11p.m. regarding shortness of breath and finger pain. (*Id.* ¶ 3.) Plaintiff was seen by Trista Conway, a mental health professional, on April 27, 2022, at approximately 3:41 p.m. per his request. (*Id.* ¶ 4.) During his mental health assessment on April 27, 2022, Plaintiff did not report any mental health concerns nor did he express any suicidal ideation. (*Id.* ¶ 5.)

Plaintiff was seen by Gabrielle Nalley, a physician assistant-certified, on April 29, 2022, at approximately 10:43 a.m. (*Id.* ¶ 6.) During the April 29, 2022, medical appointment, Plaintiff complained about his blood pressure and blood sugar causing dizziness and "denie[d] all other complaints[.]" (*Id.* ¶ 7.)

<u>PLAINTIFF'S ALLEGATIONS CONCERNING APRIL 28, 2022</u>

Plaintiff alleges that he suffered from a variety of mental health disorders and that Defendant Correctional Officer Hicks allegedly knew about those disorders. (Doc. 22 at 1, 15.) Plaintiff claims that he showed Hicks that he was holding a ripped up bed sheet on April 28, 2022, that he previously used as a makeshift noose, and Hicks did nothing. (*See* Doc. 20 at 11; SOF at ¶ 8.) Plaintiff admits that the ripped sheet was incapable of being used as a tool to commit suicide and that he flushed it down the toilet in his cell. (SOF at ¶¶ 9-10.)

<u>EVENTS ON APRIL 29, 2022</u>

Department of Corrections' staff found Plaintiff hanging in his cell on CB block on April 29, 2022, at approximately 12:46 p.m. in an attempt to commit suicide.  (SOF at ¶ 11.)  Officer Hicks was not working on CB block where Plaintiff was housed at SCI Huntingdon on April 29, 2022.  (*Id.* ¶ 12.)

<u>PROCEDURAL HISTORY</u>

Plaintiff filed his Complaint on July 26, 2022.  (Doc. 1.)  The Court screened that *pro se* Complaint, pursuant to 28 U.S.C. § 1915A(a), and construed it as asserting a Fourteenth Amendment pretrial detainee medical indifference claim, which it analyzed under the Eighth Amendment as the Third Circuit has not established a different standard under the Fourteenth Amendment.  (Doc. 7 at 6-7, n.32.)  The Court dismissed the Complaint and granted Plaintiff leave to amend.  (*Id.* at 8-9.)

The Court dismissed this matter after Plaintiff failed to file an amended complaint by the requisite deadline.  (Doc. 14.)  Plaintiff moved to alter or amend judgment and filed an Amended Complaint on September 8, 2022.  (Docs. 15-16, 16-1[1].)  The Court granted Plaintiff's Motion and screened the Amended Complaint pursuant to 28 U.S.C. § 1915A(a).

_____

[1]     The operative Amended Complaint is also docketed at Document 22.  (*See* Doc. 21 at ¶ 3; Doc. 22.)

Defendants Hicks, Sheeley, Stevens, and Singer moved to dismiss the complaint for the failure to exhaust administrative remedies. (Docs. 26, 30.) Following the conclusion of briefing, the Court dismissed all claims asserted against Defendants Sheeley, Stevens, and Singer and deferred entering judgment on their behalf until the conclusion of this case.

At this juncture, only the Fourteenth Amendment medical deliberate indifference claim asserted against Officer Hicks remains operative at this juncture. (Docs. 38; 39 at ¶ 2.) In sum, Plaintiff claims that Officer Hicks was deliberately indifferent to his medical needs when he did nothing when Plaintiff showed him holding a ripped up sheet in his cell on April 28, 2022. Plaintiff, in essence, claims that his April 29, 2022 <u>was caused</u> by Hicks' alleged actions on April 28, 2022.

Plaintiff seeks "money damages such as compensatory damages and punitive damages." (Doc. 22 at 14.) He also seeks nominal damages. (*Id.*)

## II.   <u>ISSUES PRESENTED</u>

    A.    Whether Officer Hicks is entitled to qualified immunity and judgment because Plaintiff was under the care of medical and mental health professionals at all times and Defendant was not deliberately indifferent?

    B.    Whether the PLRA bars compensatory damages in this matter because Plaintiff suffered no physical injury as a result of Hicks' alleged actions on April 28, 2022, and Plaintiff lacks competent, admissible evidence to illustrate that his injuries on April 29, 2022 were *caused* by Hicks?

C.    Whether Plaintiff is not entitled to punitive damages because he lacks any competent, admissible evidence that Defendant Hicks acted maliciously or wantonly?

*Suggested Answer to All:*  Yes.

## III.    ARGUMENTS

### Standard of Review

Summary judgment is proper where there is "no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. Rule 56(a). A fact is material if it would affect the outcome of a claim under substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

### A.    Officer Hicks Is Entitled to Qualified Immunity & Judgment Because Plaintiff Was Under The Care of Medical & Mental Health Professionals At All Times & Hicks Was Not Deliberately Indifferent To Plaintiff's Medical Needs or Safety

It is well-established that a state official is entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *see also Bland v. City of Newark*, 900 F.3d 77, 83 (3d Cir. 2018) (citation omitted) (qualified immunity shields government officials from damages in suits brought pursuant to Section 1983).

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson*, 555 U.S. at 231.

In determining whether an official is entitled to qualified immunity, a court considers (1) whether the official violated a constitutional right, and, if so, (2) whether that right was clearly established at the time of the events. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson*, 555 U.S. at 236 (grants federal district courts the discretion to decide which prong to analyze first in a qualified immunity analysis).

Here, the evidentiary record before the Court does not demonstrate that Officer Hicks, a non-medical corrections officer, violated Plaintiff's Constitutional rights. Rather, objective documentary evidence illustrates that Plaintiff was under the care of multiple different medical and mental health care professionals and received medical assessment and care between April 27, 2022 and April 29, 2022, before he attempted suicide.   (*See* SOF at ¶¶ 2-12.)   Aside from presenting his own self-serving speculations regarding Hicks' state of mind, Plaintiff cannot produce competent, admissible evidence to support any conclusion that Officer Hicks was objectively and subjectively aware of an excessive risk to his safety and intentionally ignored that risk, thereby meeting the first prong of qualified immunity.  (*See id.*)

The Eighth Amendment to the United States Constitution "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citation omitted).  In order to establish a correctional staff member was deliberately indifferent to an inmate's medical care, the inmate plaintiff bears the burden to prove:  "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cty. Corr. Fac.*, 318 F.3d 575, 582 (3d Cir. 2003).

A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  *Mommouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

"Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of 'unnecessary and wanton infliction of pain.'"  (Document 20 at 7, *Brown v. Rivello*, Civ. No. 4:22-CV-01155 (M.D. Pa. Dec. 28, 2022) (Brann, J.) (internal citation and quotation omitted).)   When considering such claims of deliberate indifference, courts consider whether the defendant was deliberately indifferent to the plaintiff's serious medical needs—an inquiry that includes both a subjective (deliberate indifference) and objective (plaintiff's medical needs) components.  *Handy v. Varner*, 2014 WL 183304, at *3 (W.D. Pa. Jan. 14, 2014) (citations omitted).

One may act with "deliberate indifference" to an inmate's medical needs where he "recklessly disregards a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009). Courts have found prison officials to have been deliberately indifferent to an inmate's medical care where the official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

The Third Circuit is explicitly clear that in order to survive a motion for summary judgment, a plaintiff "must point to some evidence beyond [their] raw claim that [the defendants] w[ere] deliberately indifferent, or put another way, some evidence that [the defendants] knew or w[ere] aware of [the risk to the plaintiff.]" *Natale v. Camden v. Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (internal quotation and citation omitted).

Generally, "conduct like verbal harassment, taunting, and use of profanity, without any injury or threat thereof, is insufficient to implicate a constitutional infringement under . . . the Eighth . . . Amendment." *Ortiz v. Cicchitello*, 2023 WL 3044603, at *2 (M.D. Pa. April 21, 2023) (citing sting of cases stating same); *see also Sears v. McCoy*, 815 F. App'x 668, 670 (3d Cir. 2020) ("a prisoner's allegations of

verbal harassment, unaccompanied by another injury, are not cognizable under § 1983.").

Here, Plaintiff essentially alleges that Correctional Officer Hicks acted deliberately indifferent to his need for medical care on April 28, 2022, when, after Plaintiff allegedly showed Hicks a ripped up sheet he was holding that he previously used as a noose, Hicks did nothing and allegedly told him not to do anything on his shift. (Doc. 20 at 11.) Plaintiff's claim fails as a matter of law for four reasons.

First, even after reasonable research, there is no well-established case law precedent to fit this exact situation—whether verbal comments establish one's deliberate indifference to an inmate's medical care when that same inmate is under the care of multiple staff simultaneously and receives care and assessment close in time to when the alleged comments were allegedly made. Such is the case here—Plaintiff received medical care immediately preceding the comments on April 27, 2022, (SOF at ¶¶ 2-5), and the following morning on April 29, 2022. (*Id.* ¶¶ 6-7.) Without such case law, Plaintiff cannot say that there was well-established case law that indicates that making a comment to an inmate while he is also plainly receiving care and assessment from other medical professionals would violate that inmate's constitutional rights. On this basis, Hicks is entitled to qualified immunity, and, therefore, judgment on the deliberate indifference claim.

Second, objective medical reports from April 27, 2022, and April 29, 2022, indicate that, close in time to when Hicks' alleged comment was allegedly made, Plaintiff was under the medical care of various medical personnel, medical staff were notified of Plaintiff's medical conditions that he reported to them, and that Plaintiff was seen and assessed multiple times. (*Id.* ¶¶ 2-7.)

This objective medical record evidence establishes that between April 27, 2022, and April 29, 2022, Plaintiff was under the care of multiple medical and mental health personnel and was actively receiving care from those professionals. (*Id.*) So, even assuming *arguendo*, that Officer Hicks, a non-medical professional, allegedly made the alleged April 28, 2022 comment to Plaintiff, that Plaintiff claims he did, and to which Hicks maintains that he did not, that comment does not create Hicks' deliberate indifference. Respectfully, the alleged comment does not establish that Hicks: (1) knew of Plaintiff's alleged need for medical treatment and refused to provide it, (2) delayed Plaintiff's medical treatment for a non-medical reason, or (3) prevented Plaintiff from receiving needed or recommended treatment. *Rouse*, 182 F.3d at 197.

On the contrary and objectively based upon his own medical records, Plaintiff was under the care of multiple medical and mental health care professionals and was not denied medical care at any time by Hicks. Due to these records, Plaintiff lacks competent, admissible evidence to show that Officer Hicks subjectively knew that the

care Plaintiff was actively receiving was insufficient or deficient in some way.  For these reasons, Officer Hicks is entitled to qualified immunity, and, therefore, judgment on the deliberate indifference claim.

Third, Plaintiff lacks competent, admissible evidence regarding Defendant Hicks' subjective state of mind on April 28, 2022.  He must come forward with evidence, and not merely regurgitate his legal conclusions, argument from his Complaint, and self-serving speculation to establish Hicks' alleged state of mind to overcome a summary judgment motion.  *See Natale*, 318 F.3d at 582; *see also Goode v. Nash*, 241 F. App'x 868, 869 (3d Cir. 2007) ("[A]lthough the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleading, legal memoranda or oral argument.'") (internal citations omitted).  For this additional reason, Hicks is entitled to judgment.

Fourth, mere verbal comments do not violate the Eighth Amendment.  *See Ortiz*, 2023 WL 3044603, at *2.  Therefore, even if we take Plaintiff's allegations as true concerning the alleged statement that he claims Hicks made on April 28, 2022, those verbal statements are insufficient to violate the Eighth Amendment. *See id.*  In addition, at best and without additional competent, admissible evidence, the alleged verbal comment can only be interpreted as negligence, which does not establish

deliberate indifference especially since the record indicates that Plaintiff received medical care and assessment on April 29, 2022—well-after the alleged comment and mere hours before his suicide attempt later that afternoon.

Officer Hicks, therefore, is entitled to qualified immunity and judgment on the deliberate indifference to medical claim asserted against him because Plaintiff received medical care and was under the care of multiple individuals between April 27, 2022, and April 29, 2022, prior to his suicide attempt, and verbal commentary does not establish an Eighth Amendment violation and, at best, only amounts to a claim of negligence.

Assuming, *arguendo*, that Plaintiff overcomes the foregoing arguments, which he cannot, the PLRA bars compensatory damages as Plaintiff did not sustain any physical injury from the complained of events on April 28, 2022, cannot establish via competent, admissible evidence that his physical injuries sustained on April 29, 2022, were *caused* by Hicks, and Plaintiff lacks competent admissible evidence to establish any entitlement to punitive damages.

### B.    Plaintiff Cannot Establish That He Suffered A Greater Than De Minimis Physical Injury Caused By Hicks

"No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  In order to establish this physical injury requirement within the PLRA, an inmate plaintiff must "demonstrate a less than significant, but

more than *de minimis* physical injury." (*Id.* at 15 (citing *Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003)).)   The PLRA does not apply to claims seeking injunctive relief. *Mitchell*, 318 F.3d at 536.

In this matter, Plaintiff sought compensatory damages and punitive damages. (Doc. 20 at 11.)  It is undisputed that Plaintiff did not suffer any physical injury from the alleged events on April 28, 2022. (SOF at ¶ 14.) Because Plaintiff cannot illustrate that he suffered any physical injury from the alleged events at issue in this litigation, he cannot meet the *de minimis* physical injury requirement required for an inmate plaintiff to demonstrate to obtain compensatory damages under the PLRA. As the PLRA bars any and all requests for compensatory damages in this civil case with respect to the alleged April 28, 2022 events, Defendant is entitled to judgment as a matter of law on all requests for compensatory damages.

Additionally, Plaintiff lacks competent, admissible evidence that his physical injuries sustained on April 29, 2022, were <u>*caused*</u> by Hicks' actions on April 28, 2022.  (SOF at ¶¶ 14-15.)  There is no question that Hicks checked on Plaintiff during his shift, (*see gen. id.*, Ex. 7 at 93), and that Plaintiff saw medical staff and was under their care before he attempted suicide on April 29, 2022.  (*Id.* ¶¶ 6-7.)  Therefore, Plaintiff receiving medical care between the time of Hicks' alleged comments on April 28, 2022, and his suicidal attempt on April 29, 2022,

interrupts the causal chain. As such, Plaintiff cannot recover damages from Hicks for the April 29, 2022 events.

To the extent that Plaintiff's claim survives Defendant's Motion, Defendant respectfully requests that this Court enter an order preventing Plaintiff from seeking compensatory damages at any future trial.

### C.    Plaintiff Cannot Establish Any Entitlement To Punitive Damages

This Court has previously stated that:

> [p]unitive damages may be awarded in a § 1983 action when the defendant's conduct is "shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." The Third Circuit's view is that "punitive damages in general represent a limited remedy, to be reserved for special circumstances."

*Carroll v. Clifford Twp.*, 21 F. Supp.3d 398, 401 (M.D. Pa. 2014), *aff'd*, 625 F. App'x 43 (3d Cir. 2015) (internal citations omitted).

Here, Plaintiff seeks punitive damages. (Doc. 22 at 14.) Plaintiff, however, lacks competent, admissible evidence that Defendant Hicks was allegedly motivated by an "evil motive or intent" or acted recklessly or callously indifferent to his constitutional rights. (SOF at ¶ 13.) At best, Plaintiff can offer only his self-serving speculative legal conclusions that Defendant allegedly knew of his mental health history and held the subjective state of mind required for deliberate indifference.

However, as it is well-established that legal conclusions or mere recitations of one's complaint allegations are insufficient to overcome a motion for summary judgment, *see Goode*, 241 F. App'x at 869, Plaintiff cannot establish competent, admissible evidence to establish his entitlement to punitive damages.

As such, Defendant respectfully requests that this Court strike any and all requests for punitive damages asserted within the Complaint and prevent him from seeking punitive damages at any future trial.

## IV.    **<u>CONCLUSION</u>**

Defendant Hicks respectfully requests that this Court grant his Motion and enter judgment on his behalf.

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

By:  *s/ Mary Katherine Yarish*

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 783-6315

myarish@attorneygeneral.gov

Date:   April 26, 2024

MARY KATHERINE YARISH
Deputy Attorney General
Attorney ID #328843

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TODD ALAN BROWN,** | : | **No. 4:22-CV-1155** |
| **Plaintiff** | : | |
| | : | **Chief Judge Brann** |
| **v.** | : | |
| | : | |
| **CORRECTIONAL OFFICER GREG** | : | **Electronically Filed Document** |
| **HICKS,** | : | *Complaint Filed 07/26/22* |
| | : | |
| | : | |
| **Defendants** | : | |

## <u>CERTIFICATE OF WORD COUNT</u>

I hereby certify that this brief contains 3,255 words within the meaning of

Local Rule 7.8(b)(2).  In making this certificate, I have relied on the word count of

the word processing system used to prepare this brief.


<u>/s/ Mary Katherine Yarish</u>
**MARY KATHERINE YARISH**
Deputy Attorney General

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TODD ALAN BROWN,** | : | **No. 4:22-CV-1155** |
| **Plaintiff** | : | |
| | : | **Chief Judge Brann** |
| **v.** | : | |
| | : | |
| **CORRECTIONAL OFFICER GREG** | : | **Electronically Filed Document** |
| **HICKS,** | : | *Complaint Filed 07/26/22* |
| | : | |
| | : | |
| **Defendants** | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Mary Katherine Yarish, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on April 29, 2024, I caused to be served a true and correct copy of the foregoing document titled *Defendant's Brief in Support of his Motion for Summary Judgment* to the following:

**<u>VIA U.S. MAIL</u>**
**Smart Communications/PADOC**
**Todd Alan Brown, QN-6599**
**SCI Huntingdon**
**P.O. Box 33028**
**St. Petersburg, FL 33733**
*Pro Se Plaintiff*

                                        *s/ Mary Katherine Yarish*
                                        **MARY KATHERINE YARISH**
                                        Deputy Attorney General